THOMAS J. SHUSTED, CAMDEN COUNTY PROSECUTOR, PLAINTIFF-APPELLANT, v. RONALD J. TRAENKNER, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 31, 1978—Decided November 13, 1978.

446

Before Judges HALPERN, ARD and ANTELL.

*Mr. George J. Stillwell,* Assistant Camden County Prosecutor, argued the cause for appellant (*Mr. Thomas J. Shusted,* Camden County Prosecutor, attorney).

*Mr. William F. Lamb,* Deputy Attorney General, argued the cause for *amicus curiae,* State of New Jersey (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney).

*Mr. Joseph A. Carmen* argued the cause for respondent.

The opinion of the court was delivered by

HALPERN, P. J. A. D.   Defendant-respondent, a police officer in the Borough of Audubon, was indicted for attempted murder, conspiracy to commit murder and misconduct in office. The facts leading up to the indictment need not be detailed. Suffice it to say, he voluntarily appeared before the grand jury and admitted his misconduct in office, but denied the other charges for which he was later indicted.

In light of defendant's grand jury testimony, the Camden County Prosecutor filed this suit in lieu of prorogative writs to remove him from office pursuant to *N. J. S. A.* 2A:81–17.2a *et seq.* The Attorney General appeared and filed a brief as *amicus curiae.* Following a hearing the trial judge rendered a lengthy formal opinion and entered a judgment dismissing the complaint. Generally speaking, he reasoned that the specific provisions of *N. J. S. A.* 40A:14–147 and *N. J. S. A.* 40A:14–149.1 must be given precedence over the general provisions of *N. J. S. A.* 2A:81–17.2a *et seq.*

On this appeal the prosecutor raises the following issues in his brief:

*POINT I*
*N. J. S. A.* 40A:14–149.1 IS NOT IN CONFLICT WITH *N. J. S. A.* 2A:71–17.2(a)(3), AND DOES NOT PRECLUDE THE REMOVAL OF A POLICE OFFICER PURSUANT TO THE LATTER STATUTE.
*POINT II*
DEFENDANT POLICE OFFICER, HAVING ADMITTED BE-

FORE A GRAND JURY TO THE COMMISSION OF MISDE-
MEANORS RELATING TO HIS EMPLOYMENT, SHOULD BE
REMOVED BY THIS COURT.
*POINT III*
DEFENDANT DOES NOT HAVE USE IMMUNITY FROM HIS
GRAND JURY TESTIMONY.

At oral argument the prosecutor and the Attorney General advised us that since the filing of this appeal defendant has pled guilty to the charge of conspiracy to commit murder and has submitted his resignation from the Audubon Police Department. Obviously, the appeal is now moot. However, we are urged by appellants, because of the alleged public importance of the issues, to render an advisory opinion even though our decision will not affect the defendant. On the other hand, counsel for defendant asked at oral argument that we dismiss the appeal as moot.

In our view, the issues presented are not of sufficient immediacy to warrant our disregarding the appeal's mootness. *Preiser v. Newkirk,* 422 *U. S.* 395, 95 *S. Ct.* 2330, 45 *L. Ed.* 2d 272 (1975) ; *Oxfeld v. N. J. State Bd. of Ed.,* 68 *N. J.* 301 (1975). Furthermore, the issues are novel, and in view of defendant's expressed desire not to proceed with the appeal, we are not presented with a true adversary proceeding. Accordingly, what may turn out to be a far-reaching decision should not be decided under these circumstances. *Sente v. Clifton Mayor and Council,* 66 *N. J.* 204 (1974).

In dismissing this appeal as moot we emphasize that by so doing we neither approve nor disapprove of the trial judge's decision as reported in 155 *N. J. Super.* 23 (Law Div. 1977).

The appeal is dismissed. No costs.